FILED
United States Court of Appeals
Tenth Circuit

May 23, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MILDRED SPIRES, as next of kin and
Administrator of the Estate of
JOSEPH SPIRES, deceased plaintiff,
THERESA A. ADAMS, as
Administrator of the Estate of LEON
E. ADAMS, deceased plaintiff,
individually and on behalf of all others
similarly situated,

Plaintiffs-Appellants,

v.

HOSPITAL CORPORATION OF
AMERICA,

Defendant-Appellee.

No. 06-3281
(D. of Kan.)
(D.C. No. 06-CV-2137-JTM)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Chief Judge, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

This class action involves consumer protection and tort claims against

Hospital Corporation of America (HCA). Plaintiffs contend HCA provided

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

inadequate medical and nursing staffing levels through its subsidiary hospitals, endangering patients at these facilities.

The district court dismissed the complaint for failure to state a claim upon which relief can be granted. Having jurisdiction under 28 U.S.C. § 1291, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings.

## I. Background

The named Plaintiffs represent the estates of deceased next of kin, as well as a putative class of similarly situated patients admitted into hospitals affiliated with HCA. They complain that HCA injured them and other class members by maintaining inadequate numbers of nurses at its hospitals as a cost-savings strategy. According to their complaint, HCA developed a computer software program, implemented by its subsidiary hospitals, that caused the hospitals to provide inadequate levels of medical staff.

Plaintiffs brought this class action based on diversity jurisdiction under the Class Action Fairness Act of 2005. 29 U.S.C. § 1332(d). The complaint alleged violations of the Kansas Consumer Protection Act (KCPA), negligence, and unjust enrichment.

The district court dismissed the complaint in its entirety. It concluded the claim based on medical staffing could not be bought under the KCPA. The district court reasoned that staffing levels are determined according to medical judgment, and consequently could only be challenged as medical malpractice

-2-

claims under state law. The court also dismissed Plaintiffs' other tort and unjust enrichment claims for failure to show that HCA violated any duty owing to Plaintiffs or benefitted from wrongful conduct.

## II. Discussion

We review a district court's dismissal under Rule 12(b)(6) de novo and take as true "all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). In the Rule 12(b)(6) context, we "look for plausibility in th[e] complaint." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1970 (2007)).

Because this case arises under our diversity jurisdiction, Kansas law applies. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). "The obligation of responsible appellate review and the principles of a cooperative judicial federalism underlying *Erie* require that courts of appeals review the state-law determinations of district courts de novo." *Salve Regina Coll. v. Russell*, 499 U.S. 225, 239 (1991).

### A. Kansas Consumer Protection Act Claim

The district court dismissed the KCPA claim because it concluded that medical services are not covered by the Act. The KCPA prohibits a supplier from engaging "in any unconscionable act or practice in connection with a consumer

transaction." Kan. Stat. Ann. § 50-627. As a general matter, the district court was correct that state consumer protection statutes do not supply a cause of action for a medical malpractice claim. *See, e.g.*, *Janusauskas v. Fichman*, 826 A.2d 1066, 1075–76 (Conn. 2003); *Quimby v. Fine*, 724 P.2d 403, 405–06 (Wash. Ct. App. 1986). In part relying on these authorities, the district court concluded the KCPA likewise did not support medical malpractice claims.

That interpretation of the Kansas law, however, turned out to be incorrect. In an opinion that came out after the district court's decision, the Kansas Supreme Court concluded that claims for medical malpractice can be asserted under the KCPA. In *Williamson v. Amrani*, 152 P.3d 60, 65 (Kan. 2007) (citations omitted), the court held,

> The plain language of the KCPA is broad enough to encompass the providing of medical care and treatment of services within a physician-patient relationship. A physician is, in the ordinary course of business, a seller or supplier of services. A patient is a consumer of those services for personal, family, or business purposes. The sale of those services is a consumer transaction. Nothing in the KCPA explicitly excludes physicians or other professionals from the scope of its coverage.

The *Williamson* court acknowledged that other jurisdictions excluded consumer protection claims relating "to the actual competence of the medical practitioner" but explained that the KCPA differs from other statutes because it contains no language restricting its application to "trade or commerce." *Id.* at 68, 69 (internal citation omitted). The absence of this language left no reason to distinguish

-4-

between "professional conduct in the actual practice of medicine and the entrepreneurial or business aspects of the medical profession." *Id.* at 69. Thus, medical malpractice claims may be asserted under the KCPA, assuming the other elements of a consumer protection claim are met.

Based on *Williamson*, the district court's decision dismissing the complaint was premature. We therefore reverse and remand the KCPA claim for further proceedings.[1]

## B. Tort Claims

The district court also dismissed two state common law claims based on the same allegations. We agree with the dismissal of the unjust enrichment claim but remand the negligence claim for further proceedings.

## 1. Negligence

Plaintiffs contend HCA, a parent corporation, can be held liable for the actions of subsidiary hospitals because HCA developed a software system to be used by subsidiary hospitals to influence staffing levels. Plaintiffs argue they do

---

[1] Notably, the Kansas legislature subsequently amended the KCPA to specifically exclude health care providers from coverage, effectively reversing the *Williamson* decision. *See* 2007 Kan. Sess. Laws, ch. 194 § 1(b) ("The Kansas consumer protection act does not allow for a private cause of action or remedy against a licensed health care provider for causes of action for personal injury or death resulting, or alleged to have resulted, from medical negligence."). Because the parties concede there is no indication that the amendment was to be given retroactive effect, we do not consider it. *See Bastible v. Weyerhaeuser Co.*, 437 F.3d 999, 1006–07 (10th Cir. 2006).

not seek damages based merely on HCA's ownership of the subsidiary hospitals, but rather for direct liability based on HCA's negligence in establishing staffing policies. The software system, Plaintiffs allege, was designed to increase profits, but caused hospitals to operate at lower staff levels, which in turn caused Plaintiffs' medical care to deteriorate. Under this negligence theory, HCA would be liable for its own acts or omissions, not vicariously for the acts or omissions of its subsidiaries.

Under Kansas negligence tort law, Plaintiffs must establish "(1) the existence of a duty; (2) an act or omission in breach of that duty; (3) proximate cause; and (4) an injury." *Fieser v. Kan. Bd. of Healing Arts*, 130 P.3d 555, 557 (Kan. 2006). Ordinarily, a parent corporation will not be responsible for the negligence of an independent subsidiary. But Kansas law allows the rule to be abrogated where a parent corporation negligently undertakes a duty owing *directly* to third parties. *See* Restatement (Second) of Torts § 324A (1965); *Schmeck v. Shawnee*, 651 P.2d 585, 597 (Kan. 1982) ("[T]he principles embodied in § 324A have long been recognized by this court."); *see generally Gooch v. Bethel A.M.E. Church*, 792 P.2d 993, 998 (Kan. 1990) (collecting cases where Kansas has applied section 324A).

Under this exception, a parent corporation can be liable where the parent corporation participates in, or directs the subsidiary in, negligent conduct causing injury. A parent company is not liable merely because of the parent-subsidiary

relationship, but rather must assume the duty of the subsidiary to a third party by some affirmative undertaking. *See Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373, 1382–83 (10th Cir. 1980) (applying section 324A).

The district court dismissed Plaintiffs' negligence claim, recognizing it as an attempt to assert independent negligence on the part of HCA, but finding that Plaintiffs could not justify piercing the corporate veil. The district court appears to rest its dismissal of Plaintiffs' negligence claim solely on the lack of support for veil-piercing. R., App. D, at 9 (citing *Amoco Chem. Corp. v. Bach*, 567 P.2d 1337 (Kan. 1977) (stating that veil-piercing is to be exercised reluctantly and cautiously)). However, claims predicated on independent liability under section 324A do not require traditional veil-piercing because the parent has undertaken a duty owed by the subsidiary to a third party and is liable based on its own actions. *See, e.g.*, *Luckett*, 618 F.2d at 1379 (considering section 324A tort claim separately from veil-piercing claim).

As currently postured, the contours of Plaintiffs' negligence claim and the scope of any duty owed by HCA to patients in the subsidiary hospitals is unclear. Since the district court has yet to address these questions in depth, we remand the issue for further consideration by the court. At this stage of the proceedings, we express no opinion on the ultimate success of Plaintiffs' complaint under Kansas law. While the hospitals themselves, not HCA, owe the duty to patients for medical care, we are unsure of Plaintiffs' contention that HCA has affirmatively

undertaken a duty of care by developing and implementing a software program. If Plaintiffs do not allege a level of control beyond the ordinary involvement of a parent corporation in the affairs of its subsidiaries, it is doubtful Kansas law would support the claim.

Accordingly, we remand the negligence claim for further consideration by the district court.

## 2. Unjust Enrichment

Plaintiffs also alleged a claim for unjust enrichment. Under Kansas law, the elements of an unjust enrichment claim are (1) plaintiff conferred a benefit on defendant; (2) defendant knew and received a benefit; and (3) defendant retained the benefit under circumstances that make it unjust. *Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd.*, 910 P.2d 839, 847 (Kan. 1996).

The district court dismissed the claim because Plaintiffs failed to allege that deceased family members had actually conferred a benefit on HCA, and that the unjust enrichment for acts constituting medical malpractice are displaced by Kansas's medical malpractice regime. We agree. Plaintiffs have pointed to nothing in Kansas law that supports an indirect unjust enrichment claim against HCA for payments made to subsidiary hospitals.[2]

---

[2] Although we were unable to find any Kansas cases discussing unjust enrichment against parent corporations in the context of veil-piercing, other jurisdictions have rejected this type of claim in the absence of veil-piercing. *See,*

(continued...)

Accordingly, Plaintiffs' unjust enrichment claim was properly dismissed.

## C. *Declaratory and Injunctive Relief*

In light of our reversal of the KCPA and negligence claims, Plaintiffs are entitled to renew their claims for declaratory and injunctive relief on remand. We express no opinion as to the legal sufficiency of these arguments under Kansas law.

## III. Conclusion

The district court's order is REVERSED as to the KCPA claim and the negligence claim and REMANDED for further proceedings consistent with this order and judgment. We AFFIRM the dismissal of the unjust enrichment claim.

Entered for the Court,


Timothy M. Tymkovich
Circuit Judge

---

[2](...continued)
*e.g.*, *United States v. Dean Van Lines*, 531 F.2d 289, 291 (5th Cir. 1976).